
Case 3:14-mc-80086-VC   Document 2   Filed 03/18/14   Page 1 of 11

MELINDA HAAG (CABN 132612)
United States Attorney
THOMAS MOORE (ALBN 4305-O78T)
Chief, Tax Division
MICHAEL G. PITMAN (DCBN 484164)
Assistant United States Attorney, Tax Division
450 Golden Gate Ave., Box 36055
San Francisco, CA 94102
Telephone:    (415) 436-6475
Facsimile:    (415) 436-7009
Email: michael.pitman@usdoj.gov

Attorneys for the United States of America

FILED
MAR 18 2014
RICHARD W. WIEKING
CLERK
NORTHERN DISTRICT COURT
DISTRICT OF CALIFORNIA

SEALED BY COURT ORDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

NC

In the Matter of the Tax Indebtedness of:

ROBERT ROWEN AND TERESA SU,
   *Business address*:
   2200 County Center Drive
   Santa Rosa, CA 95403

   *Home Address*:
   7048 E. Hurlbut Ave.
   Sebastopol, CA 95472

Ex Parte UNITED STATES OF AMERICA
and Revenue Officer DAVID BARBEARO,

Applicants for Order.

Case No. 14 80 086 MISC

UNITED STATES' MEMORANDUM OF
POINTS AND AUTHORITIES IN
SUPPORT OF AMENDED
APPLICATION TO ENTER PREMISES
TO EFFECT LEVY

FILED UNDER SEAL

The United States of America ("United States") submits this Memorandum of Points and Authorities in support of its Amended Application for Order Authorizing Entry upon Premises to Effect Levy. In this case the United States seeks an Order authorizing individuals designated by the Internal Revenue Service ("IRS") to enter Robert Rowen ("Rowen") and Teresa Su's ("Su's") (collectively "Taxpayers'") office building and residence, in order to search for, and seize, assets which are subject to levy by the United States, and to apply such assets to the

UNITED STATES' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF AMENDED
APPLICATION TO ENTER PREMISES TO EFFECT LEVY
Civil No.

Taxpayers' federal tax liabilities, pursuant to 26 U.S.C. § 6331. The properties to be searched are: 1) the office building located at 2200 County Center Drive, Santa Rosa, California 95403 (the "Office Building"); and 2) the Taxpayers' residence located at 7048 E. Hurlbut Avenue, Sebastopol, California 95472 (the "Residence"). The Declaration of Revenue Officer David Barbearo in Support of Amended Application for Order Authorizing Entry onto Premises to Effect Levy, filed herewith ("Barbearo Declaration") describes the Taxpayers' significant federal tax liabilities, as well as the IRS's attempts to collect those federal tax liabilities, and the Taxpayers' efforts to avoid such collection, by, among other things, converting income into gold and silver coins, cash, and cash equivalents.

The Court has jurisdiction to issue ex parte Writs of Entry pursuant to the broad jurisdictional grant of 26 U.S.C. § 7402, which authorizes the District Courts to issue writs and orders as necessary and appropriate for the enforcement of the Internal Revenue laws. *See In re Gerwig*, 461 F. Supp. 449, 450 (C.D. Cal. 1978); *see also United States v. Condo*, 782 F.2d 1502, 1504-06 (9th Cir. 1986); *United States v. First Nat'l City Bank*, 568 F.2d 853, 855-56 (2d Cir. 1977).

## FACTUAL BACKGROUND

Rowen has a long history of conflict with the IRS. On April 17, 1997, Rowen was indicted in Alaska for four counts of false claims in violation of 18 U.S.C. § 287, and one count of a corrupt endeavor to impede the collection of taxes in violation of 26 U.S.C. § 7212(a), Case No. A97-cr-047-JWS. The United States and Rowen entered into a plea agreement in which Rowen agreed to plead guilty to the Section 7212(a) count, the factual basis of which was as follows:

> On or about March 29, 1993, the defendant [Rowen] was informed that he was under investigation for potential criminal tax violations. On or about March 29, 1993 and March 31, 1993, the defendant provided information to the investigating agent that was

> false and misleading, i.e., he told the agent that (1) he had talked to a specific accountant about his activities when he in fact had not spoken to that accountant, and (2) he had spoken with an IRS revenue agent, which conversation the defendant had recorded, before filing his first Form 1040NR when in fact that conversation took place after the defendant filed his first Form 1040NR. On or about August 13, 1993, the defendant filed "Notices of Interest" against the property of the special agent investigating him and the IRS District Director, knowing that such notices would encumber their property, in an effort to intimidate the IRS unlawfully into terminating its investigation. During September 1993, the defendant made phone calls to various witnesses in an effort to keep them from cooperating with the IRS investigation by threatening to sue them or to attempt to have a license revoked. The defendant engaged in this conduct for the sole purpose of ending the IRS investigation into potential criminal tax violations by him

See *In re Rowen*, 298 B.R. 641, 646 (Bankr. D. Alaska 2003). Rowen's plea agreement required him to file federal income tax returns for the years 1992 through 1996, which he eventually did. Rowen then filed a Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Alaska, and initiated an Adversary Proceeding, Adversary No. 01-3061, in which he sought to establish that his income tax liabilities for 1992 through 1997 were dischargeable in bankruptcy. After trial, the Bankruptcy Court found that Rowen's liabilities were excepted from discharge under 11 U.S.C. § 523(a)(1)(C) because Rowen willfully attempted to evade or defeat those liabilities, and ruled in favor of the United States. See *In re Rowen*, 298 B.R. 641 (Bankr. D. Alaska 2003).

The United States then filed a civil suit against Rowen seeking to reduce his income tax liabilities for tax years 1992 through 1997 to judgment. This case was filed in the United States District Court for the District of Alaska, Case No. 3:03-cv-00109-JWS, but was transferred to the Northern District of California, Case No. 03-cv-3614-JSW, after Rowen relocated to California. On May 11, 2005, the Court granted the United States' Motion for Summary Judgment,[1] and judgment was entered against Rowen for tax years 1992 through 1997 in the amount of

---

[1] In response to the United States' motion for summary judgment, Rowen presented a gold coin to the Court. *See* Case No. 03-cv-3614-JSW, Doc. # 44. Rowen referred to this coin as the "coin of the realm," and argued (unsuccessfully) that its presentation to the Court extinguished his tax debt to the United States. *See* Case No. 03-cv-3614-JSW, Doc. # 32.

UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED APPLICATION TO ENTER PREMISES TO EFFECT LEVY
CIVIL NO.

3

$1,124,800, plus interest. *See* Case No. 03-cv-3614-JSW, Doc. # 32.[2]

In spite of the foregoing: The majority of Rowen's income tax liabilities for tax years 1992 through 1997 remain unpaid, *see* Barbearo Declaration at ¶ 5; Rowen and his associates continue to espouse frivolous tax avoidance schemes and philosophies, *see* Barbearo Declaration at ¶¶ 25-28; and Rowen continues to deal in cash, gold and silver coins, *see* Barbearo Declaration at ¶¶ 27-34. Moreover, Rowen continues to employ nominee/alter ego entities in an effort to frustrate the IRS's efforts to collect his income tax liabilities. For instance, Rowen has arranged for bi-weekly payments, made by Soundview Communications, Inc., ("Soundview") in exchange for Rowen's work on articles published in Soundview's newsletter, to be paid to an entity called Lotus Management LLC ("Lotus"). *See* Barbearo Declaration at ¶¶ 22-23. Lotus uses the Residence as its address, and at least some of the payments made by Soundview to Lotus are routed through a Bank of America account held by R.M. Trading for Rowen's benefit. *See* Barbearo Declaration at ¶¶ 23, 30-31.

Because Lotus is functioning as a nominee and/or alter ego of Rowen, the IRS issued a notice of levy to Soundview in an effort to collect payments made by Soundview to Lotus, and to apply those payments to Rowen's federal income tax liabilities. *See* Barbearo Declaration at ¶ 24. In response, Soundview instituted a civil suit in the Superior Court of Gwinnett Country, Georgia, seeking, inter alia, to interplead into the court's registry funds it holds that are payable to Lotus and which the United States claims it is entitled to pursuant to the notice of levy. That action was subsequently removed by the United States to the United States District Court for the

---

[2] In addition to the litigation described above, the Taxpayers also filed a civil suit against numerous Internal Revenue Service employees in the United States District Court for the Northern District of California, Case No. 3:12-cv-05831-RS. This case, instituted by way of a Petition for Writ of Mandamus, concerns Taxpayers' federal income tax liabilities for the years 2001 through 2008, which are not at issue in the instant suit. The Taxpayers also filed suit in the United States Tax Court regarding Taxpayers' federal income tax liabilities for the years 2003 through 2008, which are not at issue in the instant suit. That case, captioned *Robert Rowen and Teresa Su v. Commissioner of Internal Revenue*, Case No. 31141-12-L, was filed on December 27, 2012, and is still pending.

AUTHORITIES IN SUPPORT OF AMENDED
APPLICATION TO ENTER PREMISES TO EFFECT LEVY
CIVIL NO.

4

Northern District of Georgia, and also by Lotus to the Northern District of California. These actions were eventually consolidated in the Northern District of Georgia under Case No. 1:13-cv-02827-CAP, which is still pending. There is currently a levy in place with the proceeds being deposited with the Northern District of Georgia.[3]

## ARGUMENT

I.  A WRIT OF ENTRY SHOULD BE ISSUED BECAUSE AS THERE IS PROBABLE CAUSE TO BELIEVE THAT THE TAXPAYERS HAVE FAILED TO PAY ASSESSED TAXES FOLLOWING NOTICE AND DEMAND, AND THAT ASSETS SUBJECT TO SEIZURE ARE LOCATED ON THE PROPERTY

Under 26 U.S.C. §§ 6303 and 6321, if a person is liable to pay any Internal Revenue tax and neglects or refuses to do so after demand, then the amount of the tax (including interest, penalties, and other statutory additions) becomes a lien in favor of the United States upon all property and rights to property belonging to such person. *See G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350-51 (1977). Under Section 6331(a), the IRS is authorized to levy on any property and/or rights to property of a person subject to a tax lien, if the person has failed to pay the assessed taxes within ten days after notice and demand. *G.M. Leasing*, 429 U.S. at 349.

Section 6331(a) provides as follows:

> If any person liable to pay any tax neglects or refuses to pay the same within ten (10) days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of levy) by levy upon all property and rights to property . . . belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.

As used in Section 6331(b), the term "levy" includes "the power of distraint and seizure by any means." Section 6331(d) generally allows levy to be made with respect to any unpaid tax once the taxpayer has been given thirty days' notice of the IRS's intent to make such levy.

The IRS is authorized to levy on property, even if the taxpayer has a less than 100 percent

---

[3] Lotus also filed a separate suit in the United States District Court for the Northern District of California on July 22, 2013, which was dismissed on November 22, 2013. *See Lotus Management LLC v. Shulman*, 4:13-cv-03401-PJH, 2013 WL 6157313 (N.D. Cal., November 22, 2013).

UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED APPLICATION TO ENTER PREMISES TO EFFECT LEVY
CIVIL NO.

5

ownership interest. *See* 26 U.S.C. § 6331(b); *see also United States v. National Bank of Commerce*, 472 U.S. 713, 731 (1985). The IRS may also levy upon property that is held by a taxpayer's nominee, alter ego, or transferee. *See G.M. Leasing*, 429 U.S. at 351 (1977); *Loving Saviour Church v. United States*, 728 F.2d 1085, 1086 (8th Cir. 1984); *911 Management LLC v. United States*, 657 F. Supp. 2d 1186, 1215 (D. Or. 2009).[4]

While Section 6331 creates a broad power of seizure and distraint, the government must seek a warrant before entering private premises to search for distrainable assets to satisfy tax assessments. *See Condo*, 782 F.2d at 1504-05 (citing *G.M. Leasing*, 429 U.S. 338). In *G.M. Leasing*, the Supreme Court held that the IRS's warrantless entry into the corporate petitioner's private business offices in search of distrainable assets violated the petitioner's Fourth Amendment guarantee of freedom from unreasonable search and seizure. The Court recognized that Section 6331 authorizes warrantless distraint and seizure by any means, that is, the use of every means to deprive the taxpayer of use, enjoyment or title to property. *G.M. Leasing*, 429 U.S. at 357. The Court determined, however, that Section 6331 does not refer to warrantless intrusions into privacy. If a taxpayer has a reasonable expectation of privacy in its premises, the IRS must comply with the Fourth Amendment warrant requirement and obtain a Writ of Entry before entering the premises to seize distrainable assets. Under the Supreme Court's decision in *G.M. Leasing*, the United States now seeks orders to enter private premises to levy upon property to collect taxes.

---

[4] The notice under Sections 6330 or 6331 is to the taxpayer, which is defined in 26 U.S.C. § 7701(a)(14) as "any person subject to any internal revenue tax." A taxpayer's nominee is not "the taxpayer," and, consequently, is not entitled to pre-levy notice. *See* Treas. Reg. § 301.6330-1(a)(3); *see also Al Kim v. United States*, 650 F.2d 944, 946-47 (9th Cir. 1979); *911 Management*, 657 F. Supp. 2d at 1215. If the Internal Revenue Service collects a taxpayer's liability from a third party pursuant to levy, the third party is provided a remedy under 26 U.S.C. § 7426, and if the Internal Revenue Service asserts a lien, a third party is provided a remedy under 26 U.S.C. §§ 6325(b)(3) or (b)(4). *See EC Term of Years Trust v. United States*, 550 U.S. 429, 434-35 (2007); *Four Rivers Investments, Inc. v. United States*, 77 Fed. Cl. 592, 602-603 (2007); *see also First American Title Insurance Company v. United States*, 520 F.3d 1051, 1053 (9th Cir. 2008); *Dunn & Black P.S. v. F.D.I.C.*, 492 F.3d 1084, 1088 (9th Cir. 2007).

1    The Ninth Circuit has held that the government must show probable cause to connect the
2    assets to be seized to the delinquent taxpayer, that the court must make an independent
3    determination of whether such probable cause exists, and that the standard of probable cause that
4    applies to Writs of Entry is similar to the standard used for criminal search warrants. *Condo*, 782
5    F.2d at 1505. The application to enter premises must have "sufficient specificity to enable the
6    judge to make an independent determination of whether probable cause exists and to prevent the
7    agents from having uncontrolled discretion to rummage everywhere in search of seizable items
8    once lawfully within the premises." *Id.* (citing *Gerwig*, 461 F. Supp. at 452-53).

9    The Court must make an independent determination of whether probable cause exists to
10   believe that:

11       (1) The taxpayer has outstanding assessed federal tax liabilities;

12       (2) Notice and demand have been properly made;

13       (3) The taxpayer has neglected or refused to pay the assessed tax following notice and demand;

14       (4) The taxpayer has been given thirty days' notice of the IRS's intent to levy; and

15       (5) There is probable cause to believe that property that is subject to seizure for the payment of taxes presently exists at the premises to be searched.

*See In re Gerwig*, 461 F. Supp. at 452; *see also Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

> The warrant requirement, however, has to do with entry upon private property and nothing at all to do with the reasonableness or possible unreasonableness of a contemplated levy upon private property in aid of tax collection. It is solely for the protection of the privacy interest of the occupants, generally guaranteed by the Fourth Amendment, that the warrant is required. Judges are simply to determine whether the application and supporting affidavit showed probable cause to enter, search for, and levy upon personal property in aid of summary collection of assessed and unpaid taxes.

*United States v. Shriver*, 645 F.2d 221, 222 (4th Cir. 1981); *see also United States v. Kersten*, 155 F.3d 1177, 1178 (9th Cir. 1998). Moreover, while the government may not use a Writ of

UNITED STATES' MEMORANDUM OF POINTS AND     7
AUTHORITIES IN SUPPORT OF AMENDED
APPLICATION TO ENTER PREMISES TO EFFECT LEVY
CIVIL NO.

1 Entry to "rummage without limit in the taxpayer's premises and papers," the application for such a writ "need not specifically identify each and every item it intends to seize." *In re Stubblefield*, 810 F. Supp. 277, 279 (E.D. Cal. 1992). "The plainest reconciliation of the prohibition on rummaging and the permission to list less than all items is to permit the IRS to seize the identified items as well as items of a similar character." *Id.,* 810 F. Supp. at 279. As set forth in the Barbearo Declaration, the United States has met each of the elements required to establish probable cause for a Writ of Entry in this case.

### A. The Taxpayers Have Outstanding Assessed Federal Tax Liabilities

The IRS has made assessments against Rowen for, inter alia, income taxes and statutory additions for tax years 1992 through 1997, and a Civil Penalty for tax year 2002. *See* Barbearo Declaration at ¶ 5. Rowen's income tax liabilities for 1992 through 1997 have been declared excepted from discharge under the provisions of 11 U.S.C. § 523(a)(1)(C) by the United States Bankruptcy Court for the District of Alaska. *See In re Rowen*, 298 B.R. 641 (Bankr. D. Alaska 2003). These liabilities were subsequently the subject of litigation in the District Court, and Judgment was entered by the Honorable Jeffrey S. White, in favor of the United States and against Rowen in the amount of $1,124,800, plus interest and other accruals, on May 11, 2005. *See* Case No. 03-cv-3614-JSW, Doc. # 32. This judgment was unsuccessfully appealed by Rowan. *See* Barbearo Declaration at ¶ 9. To date, Rowen has not paid these assessed amounts. *See* Barbearo Declaration at ¶ 12. The IRS has made assessments against Su for, inter alia, income taxes and statutory additions for tax year 2002. *See* Barbearo Declaration at ¶ 5. To date, Su has not paid these assessed amounts. *See* Barbearo Declaration at ¶ 12. Accordingly, there is probable cause to believe that there are outstanding federal tax liabilities assessed against the Taxpayers.

UNITED STATES' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF AMENDED
APPLICATION TO ENTER PREMISES TO EFFECT LEVY
CIVIL NO.

8

### B. Notice and Demand Have Been Properly Made

As mentioned previously, in order for the IRS to obtain a tax lien, the IRS must make an assessment and the taxpayer must neglect or refuse to pay the liability after notice and demand for payment has been made. Section 6303 requires the notice and demand for payment to be issued within 60 days of the assessment. Routinely, the IRS issues the notice and demand for payment on the same day that the assessment of tax occurs. Notice and demand for payment were issued to Rowen and Su. *See* Barbearo Declaration at ¶¶ 6-7. Accordingly, there is probable cause to believe that the IRS made notice and demand upon the Taxpayers for payment of their assessed tax liabilities.

### C. The Taxpayers Have Neglected or Refused to Pay the Assessed Tax Following Notice and Demand

Both of the Taxpayers have refused or neglected to pay the full amount of the tax assessed against them, despite having received notice and demand, and this refusal or neglect continues to date. *See* Barbearo Declaration at ¶ 12. Accordingly, there is probable cause to believe that the Taxpayers have neglected or refused to pay the taxes assessed against them following notice and demand.

### D. The Taxpayers Have Been Given Thirty Days' Notice of the Internal Revenue Service's Intent to Levy

Before the IRS may proceed with a levy, it must generally provide (in addition to the ten day notice and demand for payment under Section 6303, discussed above and also required by Section 6331(a)), a thirty day notice of, and opportunity for, a pre-levy Collection Due Process hearing under Section 6330, and as well as a thirty day notice of intention to levy under Section 6331(d). Here, the IRS sent: Notices satisfying Sections 6330 and 6331(d) to Rowen regarding

UNITED STATES' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF AMENDED
APPLICATION TO ENTER PREMISES TO EFFECT LEVY
CIVIL NO.

9

his outstanding income tax liabilities for 1992 through 1997 by certified mail on June 18, 2001:[5] Notices satisfying Sections 6330 and 6331(d) to Rowen regarding his outstanding Civil Penalty for tax year 2002 by certified mail on July 22, 2013; and Notices satisfying Sections 6330 and 6331(d) to Su regarding her outstanding income tax liability for tax year 2002 by certified mail on March 30, 2006. *See* Barbearo Declaration at ¶¶ 11-12. Accordingly, there is probable cause to believe that the IRS gave the Taxpayers at least thirty days' notice of its intent to levy.

### E. There is Probable Cause to Believe That Property Subject to Seizure for the Payment of Taxes Presently Exists at the Premises to be Searched

The Barbearo Declaration establishes probable cause to believe that cash and cash equivalents, including gold and silver coins and similar assets, which are subject to levy, are located at premises to be searched. The Taxpayers are both self-employed medical doctors and they jointly operate an herbal supplement, massage and faith healing medical practice on a cash only basis at the Office Building. *See* Barbearo Declaration at ¶ 21. Rowen pays employees with gold and silver coins, and professes a belief that the use of gold and silver coins somehow insulates the holder from income taxation. *See* Barbearo Declaration at ¶ 21, 25-27. Additionally, pursuant to a contract dated May 10, 2013, Soundview is obligated to make annual payments equaling $549,310.58 to Lotus for services provided by Rowen, and there is evidence that Lotus had gross receipts of $487,869 in tax year 2012. *See* Barbearo Declaration at ¶¶ 23 & 28. Some payments by Soundview to Lotus are routed through a Bank of America account owned by R.M. Trading for the benefit of Rowen. *See* Barbearo Declaration at ¶¶ 30-31. Rowen used money from this account to purchase gold and silver coins for himself, Su and Lotus from R.M. Trading, which coins Rowen requested be shipped to the Office Building. *See* Barbearo

---

[5] *See In re Rowen*, 298 B.R. at 650 ("In June of 2001, the IRS issued a notice of intent to levy and, on June 18, 2001, it prepared a notice of federal tax lien reflecting assessments against Rowen of $605,438.69 for 1040 tax liability for 1992 through 1997.").

UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED APPLICATION TO ENTER PREMISES TO EFFECT LEVY
CIVIL NO.

10

1 Declaration at ¶¶ 29-33. During the years 2010 through 2013, Rowen purchased coins worth at least $3,500,922, approximately $924,000 of which were ultimately returned to R.M. Trading, but $2,576,922 of which were not – and remain unaccounted for. *See* Barbearo Declaration at ¶¶ 32-34. While Revenue Officer Barbearo has not had occasion to view the coins, the Revenue Officer has attempted to eliminate other locations where the Taxpayers could have secreted them, and believes that the coins are stored either at the Office Building or at the Residence. *See* Barbearo Declaration at ¶¶ 35-36. Thus, there is probable cause to believe that cash and cash equivalents, including gold and silver coins and similar assets, which are subject to levy, are located at premises to be searched.

## Conclusion

WHEREFORE, the United States respectfully request the issuance of an Order permitting entry into the premises located at 2200 County Center Drive, Santa Rosa, California 95403, as well as the premises located at 7048 E. Hurlbut Avenue, Sebastopol, California 95472. A Proposed Order is filed herewith.

Respectfully submitted this 14 day of March, 2014,

        MELINDA HAAG
        United States Attorney

        s/ Michael G. Pitman
        MICHAEL G. PITMAN
        Assistant United States Attorney, Tax Division

        Attorneys for the United States of America

UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED APPLICATION TO ENTER PREMISES TO EFFECT LEVY
CIVIL NO.

11