1  MELINDA HAAG (CABN 132612)
   United States Attorney
2  THOMAS MOORE (ALBN 4305-O78T)
   Chief, Tax Division
3  MICHAEL G. PITMAN (DCBN 484164)
   Assistant United States Attorney, Tax Division
4  450 Golden Gate Ave., Box 36055
   San Francisco, CA 94102
5  Telephone:    (415) 436-6475
   Facsimile:    (415) 436-7009
6  Email: michael.pitman@usdoj.gov

7  Attorneys for the United States of America

FILED
MAR 1 8 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SEALED
BY COURT ORDER

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

*NC*

10             SAN FRANCISCO DIVISION

11 | In the Matter of the Tax Indebtedness of: | Case No. 4 80 086 MISC

12 | ROBERT ROWEN AND TERESA SU,
   |     *Business address*:
13 |     2200 County Center Drive
   |     Santa Rosa, CA 95403
14 |     *Home Address*:
   |     7048 E. Hurlbut Ave.
15 |     Sebastopol, CA 95472
16 | Ex Parte UNITED STATES OF AMERICA
   | and Revenue Officer DAVID BARBEARO,
17 |
18 |        Applicants for Order.

DECLARATION OF REVENUE
OFFICER DAVID BARBEARO IN
SUPPORT OF AMENDED
APPLICATION FOR ORDER
AUTHORIZING ENTRY ONTO
PREMISES TO EFFECT LEVY

FILED UNDER SEAL

19         Revenue Officer DAVID BARBEARO, under 28 U.S.C. § 1746, declares:

20         1.      I am a duly commissioned Revenue Officer employed by the Internal Revenue

21 Service with a post of duty in Sacramento, California.

22         2.      The name David Barbearo is not my real name. I use David Barbearo as a

23 pseudonym for personal safety reasons in my official capacity as an employee of the Internal

24 Revenue Service. My pseudonym has been registered with the Internal Revenue Service in

DECLARATION OF REVENUE OFFICER
DAVID BARBEARO IN SUPPORT OF AMENDED
APPLICATION FOR ORDER AUTHORIZING
ENTRY ONTO PREMISES TO EFFECT LEVY
CIVIL NO.

1   accordance with the procedures in Internal Revenue Manual 10.5.7, "Use of Pseudonyms by IRS

2   Employees," consistent with section 3706 of the IRS Restructuring and Reform Act of 1998,

3   Pub. L. 105-206, title III, Sec. 3706, July 22, 1998, 112 Stat. 778 (published in the Internal

4   Revenue Code in the Amendments to 26 U.S.C. § 7803).  Pursuant to Internal Revenue Manual

5   10.5.7.9, I am authorized to sign sworn court statements using my pseudonym.

6          3.       I am a Revenue Officer in the Abusive Tax Avoidance Techniques ("ATAT")

7   collection group.  I have been a Revenue Officer since 2005.  Before I became a Revenue

8   Officer, I was a practicing Attorney in Oregon.  I graduated from the Cooley Law School in

9   Lansing, Michigan, and I am authorized to practice in the State of Michigan.

10         4.       My post of duty is at 4330 Watt Avenue, Sacramento, California 95821.  As a

11   Revenue Officer, I have the duty and authority to collect Federal taxes by seizure and sale under

12   the provisions of 26 U.S.C. § 6331.

13                                    **Tax Liabilities**

14         5.       Assessments of tax, penalty and interest have been made against Robert Rowen

15   (hereinafter referred to as "Rowen") and Teresa Su (hereinafter referred to as "Su"), (collectively

16   Rowen and Su will be referred to as "Taxpayers") as set forth below:

17                                  *Robert Rowen*[6]

| Kind of Tax | Tax Period | Unpaid Balance of Assessments | Statutory Additions | Total |
|---|---|---|---|---|
| Form 1040 | 1992 | $ 60,337.56 | $ 95,535.23 | $155,872.79 |
| Form 1040 | 1993 | $140,425.00 | $265,034.57 | $405,459.57 |
| Form 1040 | 1994 | $311,857.40 | $0.0 | $311,857.40 |
| Form 1040 | 1995 | $157,091.12 | $251,272.70 | $408,363.82 |
| Form 1040 | 1996 | $121,210.90 | $169,527.75 | $290,738.65 |
| Form 1040 | 1997 | $ 45,074.23 | $ 54,356.86 | $ 99,431.09 |
| Civ. Penalty | 2002 | $    5,026.00 | $       108.03 | $    5,134.03 |

---

[6] Both Rowen and Su owe more tax liabilities than reflected in this Declaration.

DECLARATION OF REVENUE OFFICER
DAVID BARBEARO IN SUPPORT OF AMENDED
APPLICATION FOR ORDER AUTHORIZING
ENTRY ONTO PREMISES TO EFFECT LEVY
Civil No.

2

1

***Teresa Su***

2

| Kind of Tax | Tax Period | Unpaid Balance of Assessments | Statutory Additions | Total |
|---|---|---|---|---|
| Form 1040 | 2002 | $268,042.25 | $2,790.20 | $270,832.45 |

3

4

5

6

7

8

9

10

11

12

13

6.     With respect to Rowen, the IRS assessed the tax, penalties and interest for the 1992, 1993, 1994, 1995, 1996, and 1997 income tax liabilities on June 22, 1998, June 29, 1998, June 22, 1998, June 29, 1998, May 18, 1998, and July 6, 1998, respectively. Notice and demand for payment pursuant to 26 U.S.C. § 6303 were issued to Rowen on the same day as the assessments were made. The issuance of these notices is reflected in Internal Revenue Service's Account Transcripts for Rowen for each of the years at issue. With respect to the civil penalty (26 U.S.C. § 6702) against Rowen for the 2002 year, the assessment of that liability occurred on July 1, 2013 and notice and demand for payment pursuant to 26 U.S.C. § 6303 was issued on the same day. The issuance of this notice is reflected in Internal Revenue Service's Account Transcripts for Rowen for this penalty.

14

15

16

17

7.     With respect to Su, the IRS assessed the liabilities for the 2002 income tax liability on April 11, 2005. Notice and demand for payment pursuant to 26 U.S.C. § 6303 was issued to Su on the same day as the assessment was made. The issuance of this notice is reflected in Internal Revenue Service's Account Transcripts for Su for 2002.

18

19

20

8.     Rowen's income tax liabilities for the years 1992 through 1997 were declared excepted from discharge under the provisions of 11 U.S.C. § 523(a)(1)(C) in a published opinion, *In re Rowen*, 298 B.R. 641 (Bankr. D. Alaska 2003).

21

22

23

24

9.     Rowen's income tax liabilities for the years 1992 through 1997 were reduced to Judgment in a District Court case filed initially in Alaska and then transferred to San Francisco, California when Rowen relocated to Northern California. Judgment was entered in favor of the

DECLARATION OF REVENUE OFFICER
DAVID BARBEARO IN SUPPORT OF AMENDED
APPLICATION FOR ORDER AUTHORIZING
ENTRY ONTO PREMISES TO EFFECT LEVY
Civil No.

3

1    United States on May 11, 2005. The case was titled *United States v. Robert J. Rowen*, Case No.

2    3:03-cv-03614-JSW. This judgment was appealed by Rowen, and the Ninth Circuit summarily

3    affirmed the District Court's Judgment (Case No. 05-16532). Certiorari was denied by the

4    Supreme Court on December 11, 2006 (Case No. 06-555).

5          10.      The Internal Revenue Service's assessments will continue to accrue penalties and

6    interest on unpaid balances until the Taxpayers pay the outstanding taxes, penalties and interest.

7          11.      A notice of intention to levy (with Collection Due Process rights), required by 26

8    U.S.C. §§ 6330 & 6331(d), with respect to Rowen's outstanding income taxes and statutory

9    additions for tax years 1992 through 1997, was provided to Rowen by sending it by certified or

10    registered mail to his last known address on June 18, 2001. The issuance of these notices is

11    reflected in Internal Revenue Service's Account Transcripts for Rowen for each of the years at

12    issue. A notice of intention to levy (with Collection Due Process rights), required by 26 U.S.C.

13    §§ 6330 & 6331(d), with respect to Rowen's outstanding Civil Penalty for tax year 2002, was

14    provided to Rowen by sending it by certified or registered mail to his last known address on July

15    22, 2013. I personally sent this notice to Rowen, along with copies to Rowen's two legal

16    representatives, and received confirmation from Rowen's legal representatives that they had been

17    received.

18          12.      A notice of intention to levy (with Collection Due Process rights), required by 26

19    U.S.C. §§ 6330 & 6331(d), with respect to Su's income tax liabilities for tax year 2002 was

20    provided to Su by sending it by certified or registered mail to her last known address on March 30,

21    2006. The issuance of this notice is reflected in Internal Revenue Service's Account Transcripts

22    for Su for the 2002. Rowen and Su have neglected or refused to pay the full amount of the tax

23    assessed within ten days after such notice and demand, and this neglect or refusal continues.

24

DECLARATION OF REVENUE OFFICER            4
DAVID BARBEARO IN SUPPORT OF AMENDED
APPLICATION FOR ORDER AUTHORIZING
ENTRY ONTO PREMISES TO EFFECT LEVY
CIVIL NO.

1   13.   Because of the assessments, a lien has arisen on all property and rights to property
2   of the Taxpayers as provided by 26 U.S.C. §§ 6321 and 6322.

3   14.   Because of the Taxpayers' failure to pay such tax within ten days after notice and
4   demand, and at least thirty days' notice of our intent to levy having been given to the Taxpayers,
5   a levy may be made on all property and rights to property of the Taxpayers and to which the
6   federal tax lien attaches.

7   15.   Notices of Federal Tax Liens have been recorded as follows: A Notice of Federal
8   Tax Lien was recorded on February 6, 2008 with the County Recorder for Sonoma County for the
9   income tax liabilities of Rowen for the years 1992 through 1997 and 2002 (Serial Number
10   418074608). This lien was erroneously released on September 24, 2010. However, a Revocation
11   of Certificate of Release of Federal Tax Lien was recorded on February 13, 2014 (Serial Number
12   929508913). A new lien was recorded on the same day (Serial Number 983865814).

13                          **The Properties to be Searched**

14   16.   I seek this Writ to search two locations where I believe that the Taxpayers have
15   substantial cash, gold and silver coins and other cash equivalents. The basis for this belief is
16   detailed later in this Declaration.

17   17.   The first location is the office building located at 2200 County Center Drive,
18   Santa Rosa, California 95403 (hereinafter referred to as the "Office Building"). The Taxpayers
19   currently jointly operate an herbal supplement, massage and faith healing medical practice at the
20   Office Building. I spoke to the owner of the Office Building who confirmed that the Taxpayers
21   have a month-to-month lease on suites, B, C, and D, and that they have leased these suites since
22   October 2012. There is no signage at the Office Building indicating that the Taxpayers operate a
23   business at this location.

24

DECLARATION OF REVENUE OFFICER                                5
DAVID BARBEARO IN SUPPORT OF AMENDED
APPLICATION FOR ORDER AUTHORIZING
ENTRY ONTO PREMISES TO EFFECT LEVY
CIVIL NO.

1       18.     The second location is the Taxpayers' residence located at 7048 E. Hurlbut

2  Avenue, Sebastopol, California 95472 (hereinafter referred to as the "Residence").[7] The

3  Taxpayers have resided in the Residence since their marriage in 2000, and the underlying

4  mortgage was fully paid in 2005 with comingled funds their joint medical practice. The

5  Residence is a single story, ranch style home of older vintage. It is located on a quiet rural street.

6  Behind a locked gate at the Residence, I observed what appeared to be a Volkswagen van parked,

7  with its license plate was obscured from view. The property also had a shop and a second

8  outbuilding. I seek a Writ to enter and search all buildings located at 7048 E. Hurlbut Avenue, as

9  well as any vehicles parked at that address.

10      19.     Within both the Office Building and the Residence, I seek a Writ to search all

11  locations where gold and silver coins, cash or cash equivalents could be located.

12                          **Taxpayers' Sources of Assets**

13      20.     Rowen is 64 years old and Su is 61 years old. They were married in 2000 and

14  have no dependent children.

15      21.     Taxpayers are self-employed medical doctors. They currently jointly operate an

16  herbal supplement, massage and faith healing medical practice on a cash only basis at the Office

17  Building. Rowen has three employees but has never filed a Form 941 tax return. The employees

18  are paid in gold and silver coins. The office's outgoing voicemail message says that the office is

19

20  ---
    [7] Su acquired the Residence on March 8, 1999, by way of a Grant Deed transferring ownership of the Residence to "Terri B. Su, an unmarried woman." Su subsequently quitclaimed her interest in the Residence to an LLC she
21  created in Nevada called "Lights' Inspiration," and also to a Nevada Corporate Sole called "The Inner Light Society for the Office of Overseer, a Woman and Her Successors." On October 2011, the purported owner for property tax purposes of the Residence became the Gallo Roe Trust, though the Sonoma County Recorder's Office has no record
22  of said real property being legally transferred, and the Internal Revenue Service also has no record of a Gallo Roe Trust. Regardless of this purported change, I observed security tapes showing Rowen paying the property taxes on the Residence at the Sonoma County Recorder's office in January, 2012, and again in October, 2012. These
23  payments were made in two $4,100 cash deposits. On May 13, 2013, I recorded nominee/transferee liens in the names of Roe Gallo, Gallo Roe Trust and Inner Light Society for the Officer of Overseer, a Woman and Her
24  successors, a Corporate Sole, as the nominees and/or transferees of Su.

1 open for appointments only, and that checks and credit cards are not accepted. Payment is by
2 cash only. Su has one employee who is paid a salary through a payroll service in Florida. This
3 employee is paid $60,000 per year. When I interviewed this employee she stated that she does
4 not work for Su and is just a volunteer.

5     22.     From 2002 to 2006, Rowen operated a medical practice under the names Santa
6 Rosa RJR, Emerald Management LLC, and Redwood LLC. The main source of income for said
7 businesses was a contract with Soundview Communications, Inc., (hereinafter "Soundview")
8 under which the businesses provided the services of a medical doctor to research and write
9 medical articles suitable for publishing in Soundview's newsletter, "Second Opinion."

10     23.     On March 1, 2007, Rowen and an entity called Lotus Management LLC
11 (hereinafter "Lotus") entered into contracts with Soundview which in essence superseded a
12 previous contract with Redwood LLC. Pursuant to these contracts, all compensation for services
13 rendered by Rowen is to be paid through Lotus. Lotus, an LLC, was created in Nevada on
14 November 27, 2006. The Internal Revenue Service's computer records list the Residence as
15 Lotus's location address. On May 10, 2013, Lotus and Rowen entered into an extension of the
16 contract with Soundview discussed above, renewing the terms thereof for an additional five
17 years. The compensation to be paid Lotus pursuant to the new contract is the sum of $21,127.33
18 bi-weekly or $549,310.58 per year.

19     24.     As a result of my investigation, I requested approval to issue levies to Soundview
20 to collect the bi-weekly payments to Lotus, as the nominee or alter ego of Rowen. Approval was
21 secured on June 19, 2013, and a notice of levy was issued to Soundview. In response,
22 Soundview instituted a civil suit in the Superior Court of Gwinnett Country, Georgia, seeking,
23 inter alia, to interplead into the court's registry funds it holds that are payable to Lotus and which

24

DECLARATION OF REVENUE OFFICER     7
DAVID BARBEARO IN SUPPORT OF AMENDED
APPLICATION FOR ORDER AUTHORIZING
ENTRY ONTO PREMISES TO EFFECT LEVY
CIVIL NO.

1  the United States claims it is entitled to pursuant to the notice of levy.  That action was

2  subsequently removed by the United States to the United States District Court for the Northern

3  District of Georgia, and by Lotus to the United States District Court for the Northern District of

4  California.  These actions were eventually consolidated in the Northern District of Georgia under

5  Case No. 1:13-cv-02827-CAP, and is still pending.  There is currently a levy in place with the

6  proceeds being deposited with the United States District Court for the Northern District of

7  Georgia.

8       25.     In 2006, Rowen asked Soundview to pay him in gold coins.  In an email to

9  Soundview, Rowen stated the following:

10      I desire to enter into a common law contract with you for payment in substance.
        My proposal:

11      You can currently buy double eagles at about 620 FRNs apiece.  Let's say that if I was to
        receive the illusion of "money" from Satan's treasury.  I would receive a promise to be

12      paid (a check) of about $26,000 FRNs per month.  As we know FRNs are not payment.
        So I have made arrangements with an honorable gold coin dealer to handle the

13      transaction.  I ask you to honor my spiritual needs that I be paid in the substance of God's
        treasure, since I know that it Lawful to be done.  The exchange costs FRN to gold may go

14      up or down, I don't care.  I don't care if I come out on the short end of the stick if I am
        forced to reconvert to "pay" bills to those who cannot or will not accept otherwise in this

15      corrupt system.  To show you that I am a man who trusts in your honor, we can contract
        to pay me only 37 double eagles per month.  Better yet, split that with my wife, as she is

16      providing me assistance.  At 615 currently per coin that amount of Lawful tender will on
        cost you $22,755 in Fed Notes.

17
        26.     The above email goes on for three pages with similar sentiments.  I believe that

18  "FRN" refers to Federal Reserve Notes.  Soundview declined Rowen's request.

19
        27.     On or about July 19, 2009, Rowen and his associate Ronald MacDonald

20  established the website www.newpeopleorder.com and authored a book entitled "They Own It

21  All (Including You)!: By Means of Toxic Currency."  The book offers tax avoidance techniques

22  including the purchase of gold and silver as a means of avoiding income taxation.  The book is

23  currently listed for sale on Amazon.com.

24

1      28.     On April 15, 2013, Lotus filed its Form 1120 Corporate Tax Return for tax year

2  2012, signed by Ronald MacDonald. The return lists gross receipts in the sum of $487,869. It

3  does not list any deductions for salaries or wages, but does list a miscellaneous deduction in the

4  sum of $480,849 for "US$ FR LWFL MNY, GLD CN," thus reducing the net income of Lotus to

5  zero. The abbreviation referenced above probably means "US federal reserve notes exchanged

6  for lawful money gold coin." A review of the tax return Rowen filed for Redwood LLC in 2006

7  reveals a similar deduction, reducing its net income to zero.

8      29.     During my investigation I became aware that Rowen, Su, and Lotus had

9  purchased significant quantities of gold coins.

10     30.     I issued an Internal Revenue Summons to Soundview, and from my review of the

11  summonsed records I noticed that numerous payments by Soundview to Lotus were routed thru

12  an account at Wells Fargo Bank (owned by Lotus) and/or deposited directly into an account at

13  Bank of America.

14     31.     The account at Bank of America is owned by R.M. Trading, aka Richard Marusak

15  (hereinafter "Marusak"), a licensed dealer of gold and silver coins in Dearborn, Michigan. I also

16  issued an Internal Revenue Summons to Marusak, and from my review of the summonsed

17  records, and a subsequent telephone interview with Marusak I confirmed that an account was

18  established at Bank of America for Rowen to deposit funds, and to purchase gold and silver

19  coins. Marusak further stated that he has been conducting transactions with Rowen on a regular

20  basis since 2006.

21     32.     According to the testimony of Marusak and summonsed records produced by

22  R.M. Trading, Rowen purchased gold and silver coins for himself, Su and Lotus in the sum of

23  $3,500,922, summarized below:

24

| Year  | Rowen       | Lotus       | Su       |
|-------|-------------|-------------|----------|
| 2013  | $ 112,818   | $  82,110   | $ 0      |
| 2012  | $ 525,181   | $ 372,724   | $ 11,741 |
| 2011  | $ 465,309   | $ 307,323   | $  3,597 |
| 2010  | $ 316,489   | $ 254,093   | $ 0      |
| 2009  | $ 214,154   | $ 164,409   | $ 0      |
| 2008  | $ 150,015   | $ 289,371   | $    741 |
| 2007  | $  53,597   | $ 169,273   | $ 7,977  |
| **Total** | **$ 1,837,563** | **$ 1,639,303** | **$ 24,056** |

33.     According to the testimony of Marusak and summonsed records produced by R.M. Trading, Rowen requested the purchased gold and silver coins be shipped by priority mail to the Office Building.

34.     According to the testimony of Marusak, some of the coins were returned by Rowen, and Marusak issued Rowen refunds for these returned coins. Marusak estimated that these refunds totaled $203,000 in 2013, $229,000 in 2012, $219,000 in 2011, and $273,000 in 2010. Thus, of the original $3,500,922 worth of coins purchased, approximately $924,000 were returned to Marusak, leaving $2,576,922 unaccounted for.

35.     Although I have not been able to view the premises of the Office Building or the Residence, I believe, based upon my experience as an ATAT Revenue Officer, that Rowen and Su have stored the coins at the Office Building or at the Residence.

36.     In order to eliminate other possible storage locations, I contacted 22 storage container locations in the Santa Rosa area. I was informed that neither Rowen nor Su currently have any storage container leases in the Santa Rosa area. I also inquired about safety deposit boxes at the banks that Rowen and Su use. No such boxes were found. In addition, the sheer quantity of coins at issue – estimated by Marusak to weigh between 100 to 125 pounds – is too large and heavy to be stored in a bank deposit box.

DECLARATION OF REVENUE OFFICER
DAVID BARBEARO IN SUPPORT OF AMENDED
APPLICATION FOR ORDER AUTHORIZING
ENTRY ONTO PREMISES TO EFFECT LEVY
CIVIL NO.

10

1    37.    Consent to enter the Office Building or the Residence has not been requested.

2    Given the Taxpayers' propensity for hiding assets to avoid the Internal Revenue Service's

3    collection efforts, if consent were requested there is a high likelihood that the coins and other

4    monetary items would be moved before the seizure.

5    38.    Therefore, it is necessary and essential to the execution of my duties as a Revenue

6    Officer of the United States enforcing the internal revenue laws, that the Court authorize officers

7    and agents of the Internal Revenue Service, and others under their direction as needed, to enter

8    into and upon and to search within the Taxpayers' Office Building located at 2200 County

9    Center Drive Santa Rosa, California 95403, and Residence located at 7048 E. Hurlbut Avenue,

10   Sebastopol, California 95472, for the purpose of levying upon and seizing the assets described in

11   this Declaration, and other similar or related assets or property, belonging to the Taxpayers found

12   on the premises, and subject to levy, the value to be applied to the unpaid tax liabilities of the

13   Taxpayers.

14   39.    As a result of my investigation, I became aware that Rowen is usually at the

15   Office Building location during Tuesdays and Thursday, and Su is there during most days. We

16   intend to execute the Writ on either Tuesday or Thursday. We intend to execute simultaneous

17   Writs on the Office Building and the Residence at the same time at approximately 8:00 a.m.

18   Since all appointments at the Taxpayers' medical practice are made in advance, we do not

19   believe that there are set business hours. However, by executing the Writ at 8:00 a.m., we hope

20   to avoid inconvenience to any patients.

21

22

23

24

DECLARATION OF REVENUE OFFICER                          11
DAVID BARBEARO IN SUPPORT OF AMENDED
APPLICATION FOR ORDER AUTHORIZING
ENTRY ONTO PREMISES TO EFFECT LEVY
CIVIL NO.

1    I declare under penalty of perjury that the foregoing is true and correct.

2    Executed on March 13, 2014.

3

4                                        David Barbearo
                                         Revenue Officer
5                                        Internal Revenue Service

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24