1   MELINDA HAAG (CABN 132612)
    United States Attorney
2   THOMAS MOORE (ALBN 4305-O78T)
    Chief, Tax Division
3   MICHAEL G. PITMAN (DCBN 484164)
    Assistant United States Attorney, Tax Division
4   450 Golden Gate Ave., Box 36055
    San Francisco, CA 94102
5   Telephone:     (415) 436-6475
    Facsimile:     (415) 436-7009
6   Email: michael.pitman@usdoj.gov

7   Attorneys for the United States of America

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11   In the Matter of the Tax Indebtedness of:      Case No. 3:14-mc-80086-VC

12   ROBERT ROWEN AND TERESA SU,                    UNITED STATES' RESPONSE TO
         *Business address*:                        MOTION TO VACATE
13       2200 County Center Drive
         Santa Rosa, CA 95403
14
         *Home Address*:
15       7048 E. Hurlbut Ave.
         Sebastopol, CA 95472
16
     Ex Parte UNITED STATES OF AMERICA
17    and Revenue Officer DAVID BARBEARO,

18            Applicants for Order.

19          The United States of America ("United States"), by and through undersigned counsel,

20   hereby respectfully responds to Robert Rowen ("Rowen") and Teresa Su's ("Su's") (collectively

21   "Taxpayers'") Motion to Vacate The Court's Order Obtained by Fraud Perpetrated on This Court

22   by Officers of this Court, filed on June 16, 2014 (Doc. # 20) (the "Motion") as follows:

23

24

BACKGROUND

As discussed in detail in the United States' Memorandum of Points and Authorities in Support of Amended Application to Enter Premises to Effect Levy, filed on March 18, 2014 (Doc. # 2) ("the Memorandum"), as well as the Declaration of Revenue Officer David Barbearo in Support, filed on March 18, 2014 (Doc. # 3) (the "Barbearo Declaration"),[1] the Taxpayers have a long history of conflict with the Internal Revenue Service ("IRS").[2]  Rowen has significant unpaid federal tax liabilities, and he continues to use nominee/alter ego entities and other tax avoidance schemes and philosophies in an effort to frustrate the IRS's efforts to collect those liabilities.  *See* Barbearo Declaration at ¶¶ 5 & 25-34. Su also has significant unpaid federal tax liabilities.  *See* Barbearo Declaration at ¶¶ 5 & 12.  On March 18, 2014, the United States submitted an Amended Application for Order Authorizing Entry Onto Premises to Effect Levy, filed on March 18, 2014 (Doc. # 1), which was supported by the Memorandum and the Barbearo Declaration (collectively, the "Application") in an effort to collect the Taxpayers' federal tax liabilities.  The Application was granted, and the Writ of Entry was issued by the Court on March 18, 2014.  On March 20,

---

[1]  Both the Memorandum and the Barbearo Declaration were unsealed by the Court in response to the United States' Motion on March 31, 2014.  *See* Doc. # 9.

[2]  This history reaches back at least to 1997 when Rowen was indicted in Alaska for, among other things, one count of a corrupt endeavor to impede the collection of taxes in violation of 26 U.S.C. § 7212(a), in Case No. A97-cr-047-JWS.  Rowen agreed to plead guilty to the Section 7212(a) count as part of a plea agreement which required that he file federal income tax returns for the years 1992 through 1996, which he eventually did.  Rowen then sought, unsuccessfully, to discharge the resulting liabilities, among others, in a Chapter 7 bankruptcy.  *See In re Rowen*, 298 B.R. 641 (Bankr. D. Alaska 2003) (determining that Rowen's federal income tax liabilities for 1992 through 1997 were excepted from discharge under 11 U.S.C. § 523(a)(1)(C) because Rowen willfully attempted to evade or defeat those liabilities).  The United States then filed a civil suit against Rowen seeking a judgment for his federal income tax liabilities for tax years 1992 through 1997.  This case was filed in the United States District Court for the District of Alaska, Case No. 3:03-cv-00109-JWS, but was transferred to the Northern District of California, Case No. 03-cv-3614-JSW, after Rowen relocated to California.  On May 11, 2005, the Court granted the United States' Motion for Summary Judgment, and judgment was entered against Rowen for tax years 1992 through 1997 in the amount of $1,124,800, plus interest.  *See* Case No. 03-cv-3614-JSW, Doc. # 32.   This judgment was unsuccessfully appealed by Rowan.  *See* Barbearo Declaration at ¶ 9.

2014, the IRS executed the Writ of Entry and entered suites, B, C, and D of the office building located at 2200 County Center Drive, Santa Rosa, California 95403, and the residence located at 7048 E. Hurlbut Avenue, Sebastopol, California 95472 (and buildings located at that address) to search for cash and cash equivalents, including gold and silver coins and similar assets, subject to levy to satisfy the Taxpayers' federal tax liabilities.  As set forth in the Return filed on April 9, 2014 (Doc. # 10), that endeavor was successful, resulting in the seizure of, among other things, thousands of gold and silver coins, and over $43,000 of currency.

ARGUMENT

**1.     Law**

The Motion raises several claims, none of which are actionable here.  Under 26 U.S.C. §§ 6303 and 6321, if a person is liable for any Internal Revenue tax and fails to pay after demand, then the amount of the tax (including interest, penalties, and other statutory additions) becomes a lien in favor of the United States upon all property and rights to property belonging to such person.  Under Section 6331(a), the IRS is authorized to levy on any such property after notice and demand.  *See G.M. Leasing Corp. v. United States*, 429 U.S. 338, 349-51 (1977).  The government must seek a warrant (usually described as a "Writ of Entry" in this context) before entering private premises to search for assets to levy in satisfaction of tax liabilities.  *See United States v. Condo*, 782 F.2d 1502, 1504-06 (9th Cir. 1986) (citing *G.M. Leasing*, 429 U.S. 338).  In order to secure a Writ of Entry, the government must make an application to the court, setting forth probable cause to believe that:

(1) The taxpayer has outstanding assessed federal tax liabilities;

(2) Notice and demand have been properly made;

(3) The taxpayer has neglected or refused to pay the assessed tax following notice and demand;

(4) The taxpayer has been given thirty days' notice of the IRS's intent to levy; and

(5) There is probable cause to believe that property that is subject to seizure for the payment of taxes presently exists at the premises to be searched.

*See In re Gerwig*, 461 F. Supp. 449, 452 (C.D. Cal. 1978); *see also Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). This application may be made ex parte. *See United States v. Kersten*, 155 F.3d 1177, 1178 (9th Cir. 1998) ("'[I]ssuance of an order authorizing entry is to take place in a summary, ex parte proceeding and is not to be converted into an adversary proceeding.'") (quoting *Matter of Campbell*, 761 F.2d 1181, 1186 (6th Cir. 1985)); *In re Gerwig*, 461 F. Supp. at 450. The Motion makes no effort to challenge any of the foregoing legal propositions, all of which were clearly set forth in the Memorandum.

2.      **The Taxpayers' Complaints About the Propriety of the IRS's Levy, as Opposed to the Propriety of the Issuance of the Writ of Entry, Are Not Properly Before the Court**

To the extent the Motion argues that there are legal preconditions in addition to those outlined above for the issuance of a Writ of Entry, it is incorrect. Such arguments spring from a fundamental misunderstanding of the nature of this proceeding, and consequently, the remedies available to the Taxpayers. This proceeding is limited to the issuance of the Writ of Entry, and the Court's review should be limited to evaluating whether the Writ of Entry was supported by probable cause. If the Court concludes it was, the Motion should be denied and this matter should be closed.

The Ninth Circuit analyzed a very similar case in *United States v. Kersten*, 155 F.3d 1177 (9th Cir. 1998). In that case, the IRS applied for an ex parte "Order to Enter Upon Premises to Effect Levy" from the district court in an effort to satisfy the federal tax liabilities of Kertsen. *Id*. at 1177. The application was granted, and the IRS entered Kersten's office and seized property. *Id*. Kersten then brought motions in the district court for the return of the seized property and for the stay of an auction of the seized property, which the district court denied. *Id*. On appeal, the Ninth Circuit held as follows:

The district court could not provide the relief sought by Kersten because its jurisdiction had been invoked by the government merely to authorize an order of entry, not to adjudicate the merits of the assessment upon which the order of entry was granted.  Hearings on applications for orders of entry are "solely for the protection of the privacy interests" of the taxpayer whose premises are to be searched, and have "nothing at all to do with the reasonableness or possible unreasonableness of a contemplated levy upon private property in aid of tax collection."  Further, "issuance of an order authorizing entry is to take place in a summary, ex parte proceeding and is not to be converted into an adversary proceeding."

When the district court made a probable cause determination and issued the order of entry, its involvement in this matter was at an end, absent the filing of an independent claim invoking the district court's jurisdiction on other grounds.  Simply put, Kersten's motion contesting the validity of the assessment and seeking the return of his assets was misguided.  While Kersten may have other opportunities to pursue relief, a matter upon which we do not opine, such relief is not available in the same proceeding in which a district court issues an order of entry.

*Kersten*, 155 F.3d at 1178 (citations omitted) (quoting *United States v. Shriver*, 645 F.2d 221, 222 (4th Cir. 1981) & *Campbell*, 761 F.2d at 1186); *see also In re Spivey*, No. 05-1973, 2005 WL 3543915 (E.D. La. Nov. 23, 2005) ("Mr. Spivey's arguments that the tax lien on his property was improper cannot be raised in district court in a post-seizure motion.  Under 26 U.S.C. section 7422 a[] claim by the taxpayer for a refund on a wrongful levy must first be raised in an administrative proceeding.  Similarly, an action by a third-party (Mrs. Spivey) for wrongful levy must be filed pursuant to 26 U.S.C. section 7426 and cannot be raised by motion."); *cf Shwarz v. United States*, 234 F.3d 428, 434-35 (9th Cir. 2000) (evaluating probable cause for writ of entry in context of a *Bivens* claim).

Based on the foregoing, it is not entirely clear that the Court has jurisdiction even to revisit the issue of probable cause (although that issue is addressed below out of an abundance of caution). What is clear, however, is that the Court lacks jurisdiction to evaluate the Taxpayers' ancillary complaints.  Thus, the Motion's arguments:  That the Writ of Entry was improper because the requirements of 26 U.S.C. § 6331(j) were not satisfied, *see* Motion at 3; that the Taxpayers' federal tax liabilities will be wiped-out once pending tax returns are processed, *id*.; that some of the Taxpayers' federal tax liabilities were unlawfully or illegally assessed, *id.* at 13; and that the assets

1  seized were Su's property and had a value greater than her liability, *id*. at 4-5 – are all misplaced.

2  Even if those allegations were true, the Taxpayers' exclusive remedy would be an administrative

3  claim for refund under 26 U.S.C. § 7422, or a wrongful levy suit under 26 U.S.C. § 7426.  Unless

4  those alleged deficiencies infected the probable cause underlying the Writ of Entry (which, as

5  discussed in more detail below, they did not), they are not properly before the Court.

6         **3.    The Writ of Entry was Supported by Probable Cause**

7        As an initial matter, it is worth noting that none of the factual allegations set forth in the

8  Motion are supported by any evidence, such as a sworn affidavit, which is not surprising given that

9  some of those allegations are patently absurd.  Accordingly, it is the United States' position that the

10  probable cause supporting the Writ of Entry should be evaluated on the face of the Application and

11  supporting materials without regard to the unsupported factual assertions set forth in the Motion

12  although some of those factual assertions are addressed herein.

13         *a.    The Taxpayers Had Outstanding Assessed Federal Tax Liabilities*

14        As discussed in great detail in the Barbero Declaration, the IRS has made assessments

15  against both of the Taxpayers for, inter alia, federal income tax liabilities and civil penalties.

16  *See* Barbero Declaration at ¶¶ 5, 9 & 12.  The Motion argues that some of the Taxpayers'

17  liabilities will be wiped-out once pending tax returns are processed, *see* Motion at 3, and that

18  some of the Taxpayers' liabilities were unlawfully or illegally assessed, *see* Motion at 13.  Even

19  if these factual allegations were true, they would not negate the fact that – as of the date of the

20  Application – the Taxpayers both had assessed federal tax liabilities as alleged in the Barbero

21  Declaration.  Thus, this element was supported by a proper showing of probable cause.

22

23

24

      **b.**       ***Notice of Assessment and Demand for Payment Were Properly Made***

Notice and demand for payment were issued to the Taxpayers.  *See* Barbearo Declaration at ¶¶ 6-7.  Thus, there was probable cause to believe that the IRS made notice and demand upon the Taxpayers for payment of their assessed tax liabilities.

      **c.**       ***The Taxpayers Neglected or Refused to Pay the Assessed Tax Following Notice and Demand***

The Taxpayers have refused or neglected to pay the full amount of the tax assessed against them, despite having received notice and demand.  *See* Barbearo Declaration at ¶ 12.  Thus, there was probable cause to believe that the Taxpayers neglected or refused to pay the taxes assessed against them following notice and demand.

      **d.**       ***The Taxpayers Were Given Thirty Days' Notice of the IRS's Intent to Levy***

In addition to the notice of assessment and demand for payment discussed in Section 3(b) above, the IRS must also generally provide a thirty day notice of, and opportunity for, a pre-levy Collection Due Process hearing under Section 6330 and of intention to levy under Section 6331(d), prior to proceeding with a levy.  Here, the IRS sent notices satisfying both of these requirements to each of the Taxpayers in advance of the Application.  *See* Barbearo Declaration at ¶¶ 11-12.  The Motion acknowledges that these notices were given, but complains that the Application itself was made ex parte.  *See* Motion at 7 ("Rowen and Su were given notice of intent to levy and availability of CDP, but were not given notice of the intent to seize property.").  As discussed above, it is well-established that the government may make an application for a Writ of Entry ex parte.  Thus, there was probable cause to believe that the IRS gave the Taxpayers at least thirty days' notice of its intent to levy.

### e.     *There was Probable Cause to Believe the Property Subject to Seizure for the Payment of Taxes Existed at the Premises to be Searched*

The Barbearo Declaration set forth in detail why there was probable cause to believe that cash and cash equivalents, including gold and silver coins and similar assets, subject to levy, would be found at the premises to be searched.  *See* Barbearo Declaration at ¶¶ 21-34.  The Motion's argument to the contrary is that Rowen had no equity in any of the property that was actually seized.  *See* Motion at 4-5.  Even if this were true, it would not impact the showing of probable cause with respect to this element:  The Application explicitly sought permission to enter the premises at issue to levy upon assets to collect the significant federal tax liabilities of both Rowen and Su.  Su's assets were subject to seizure for the payment of her federal tax liabilities, and the fact that such assets existed at the premises to be searched only vindicates the probable cause set forth in the Barbearo Declaration.  Thus, this element was also supported by a proper showing of probable cause.

## CONCLUSION

The Writ of Entry was supported by probable cause, and the Court lacks jurisdiction to entertain any of the other arguments raised in the Motion. Accordingly, the United States respectfully requests that the Court deny the Motion, and close this case.

Respectfully submitted this 26th day of June, 2014,

MELINDA HAAG
United States Attorney

s/ Michael G. Pitman
MICHAEL G. PITMAN
Assistant United States Attorney, Tax Division

Attorneys for the United States of America